1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15

JAMES CHILDERS d/b/a ARTEMIS
SOLUTIONS GROUP,

                Plaintiff,

        v.

SAGEM MORPHO, INC., *et al*,

                Defendants.

CASE NO.  C06-0060RSM

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS

16

## I. INTRODUCTION

17
18

        This matter comes before the Court on defendants' motion to dismiss.  (Dkt. #24).

19

Defendant Sagem Défense Sécurité ("SDS") argues that because it has not had the required contacts

20

with this forum, the Court cannot exercise personal jurisdiction over SDS.  SDS further argues that

21

plaintiff is improperly attempting to use SDS's parent-subsidiary relationship with Sagem Morpho,

22

Inc. ("SMI") and E-Software SAS to establish personal jurisdiction over SDS.  In the alternative,

23

defendants SMI and SDS argue that the Court lacks the ability to entertain plaintiff's claims under

24

the Lanham Act because the alleged infringing activity did not take place within the United States,

25

but in France.  Finally, SDS argues that plaintiff's claims should be dismissed under the principles of

26

*forum non conveniens.*

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
PAGE - 1

1        Plaintiff argues that SDS sent an agent into the forum to specifically conduct business with

2 plaintiff, that SDS owns the trademark of Xelios and likely controls or influences the business

3 actions associated with Xelios and E-Software SAS. These facts, plaintiff argues, enable the Court

4 to exercise personal jurisdiction over SDS. Next, plaintiff argues that defendants mischaracterize his

5 Lanham Act claims. Plaintiff claims that defendants infringed upon his trademark within Washington

6 and the United States and therefore, the application of the Lanham Act is appropriate. Finally,

7 plaintiff argues that defendant SDS's request for dismissal on *forum non conveniens* grounds should

8 be denied because it fails to establish how it would be unduly burdensome to litigate the case in this

9 Court given the fact that SDS conducts its business in this forum, SDS focuses sales to this forum

10 and the alleged violations occurred within this forum.

11        For the reasons set forth below, the Court disagrees, in part, with plaintiff, and GRANTS IN

12 PART defendants' motion to dismiss.

13 **II. DISCUSSION**

14   **A. Background**

15        Plaintiff James Childers owns and operates a sole proprietorship by the name of Artemis

16 Solutions Group located in Freeland, Washington. Defendant SMI is a corporation organized under

17 Delaware law. SMI's principle place of business is in Tacoma, Washington. Defendant E-Software

18 SAS is a company organized under the laws of France, and also does business under the trade name

19 Xelios. E-Software SAS's principle place of business is in Paris, France. Defendant SDS is the

20 parent company of both SMI and E-Software SAS. SDS's principle place of business is in Paris,

21 France. SDS also claims the trademark on E-Software's trade name Xelios.

22        Plaintiff is the owner of the trademark BioCert, United States Trademark Registration No.

23 2,817,357. Plaintiff's BioCert products are used in connection with computer software and

24 hardware to allow users to authenticate identity through a biometric interface. Plaintiff has used the

25 BioCert mark in the production and sale of his products since 2002. Plaintiff's BioCert mark is used

26

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
PAGE - 2

1  in at least six different products related to fingerprint scanning security for computer products.

2  Plaintiff also licences the use of the BioCert mark to Intelligent Biometric Solutions, LTD ("IBS"), a

3  registered Hong Kong SAR company, in which plaintiff owns a forty percent interest and has one

4  half of the voting rights.

5      Beginning in February of 2004, plaintiff had several meetings and email interactions with

6  Christian Moussier, director of Smartgem, a Hong Kong software company.  Plaintiff believes that

7  Mr. Moussier is employed as a biometric development and sales representative by both SDS and

8  SMI.[1]  Plaintiff claims that these meetings were focused on negotiating sales of SDS and SMI

9  products through IBS's office, sales agents and global distribution network.  Mr. Moussier, on

10  behalf of Smartgem, and plaintiff executed a non-disclosure agreement to protect any intellectual

11  properties of both companies.  There is no evidence that a sales agreement was ever reached.

12      In June of 2005, E-Software SAS began marketing a suite of products, under the Xelios

13  trademark, called PC Login Pro Suite 5.  This product uses a biometric program by the name of "X-

14  BioCert."  Plaintiff asserts that the X-BioCert name is confusingly similar to his BioCert trademark

15  and will cause consumer confusion between the products as well as allow E-Software SAS to

16  unlawfully trade upon the goodwill and reputation generated by plaintiff's BioCert trademark.

17      Plaintiff filed suit against SMI alleging violations of the Lanham Act, as well as violations of

18  Washington State law restricting unfair competition.  Service of SMI was perfected on January 13,

19  2006.  SMI filed an Answer to the Complaint on February 6, 2006.  Plaintiff then moved to extend

20  the deadline to add parties in the action and to amend his Complaint to name SDS and E-Software

21  SAS as defendants.  The Court granted plaintiff's motion on April 24, 2006.  SMI answered the

22  Amended Complaint on May 12, 2006.  SDS filed a Notice of Appearance on Oct 12, 2006.  The

23  instant motion followed.

24

25      [1]However, SMI denies that Mr. Moussier is employed by its company as does SDS.  Instead, SDS states that Mr. Moussier was employed by Sagem Monetel, an SDS subsidiary operating in Hong Kong.

26  ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
PAGE - 3

**B. Nonservice of E-Software SAS**

As a preliminary matter, E-Software SAS has not yet been joined in this action as a defendant.  There is no evidence in the record establishing that E-Software SAS has been served with a Summons or Complaint.  Plaintiff has not presented evidence or a declaration to the contrary, and defendants maintain that service has not been achieved.  Accordingly, only the arguments made on behalf of SMI and SDS will be considered for purposes of the present motion.

**C. Personal Jurisdiction**

*1. Standard of review*

Defendant SDS has moved to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P 12(b)(2).  In response to a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction over a defendant is appropriate.  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).  Where, as here, the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to avoid dismissal.  *Id.*  While the plaintiff may not simply rely on the bare allegations of its Complaint, uncontroverted allegations in the Complaint are taken as true.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor.  *Id.*; *Dole*, 303 F.3d at 1108.

In this case, the question of whether personal jurisdiction exists over SDS is governed by Washington's long-arm statute, RCW 4.28.185, or Fed. R. Civ. P. 4(k)(2), both of which are coextensive with the outer limits of federal due process.  *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain, Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002).  Thus, the Court need only determine whether jurisdiction in this District comports with due process.

Due process requires that a non-resident defendant have certain minimum contacts with the

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
PAGE - 4

1  forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and

2  substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal

3  jurisdiction can be specific or general. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408,

4  414 n. 8-9 (1984). Specific jurisdiction arises where a cause of action results from a defendant's

5  contacts with the forum state. *Id.* at 414 n.8. General jurisdiction arises where a cause of action is

6  unrelated to a defendant's contacts with the forum state, but because the defendant has had

7  pervasive, continued and systematic contacts with the forum state, there is justification to exercise

8  jurisdiction over any action of the defendant within the forum state. *Id.* at 414 n.9.

9      Here, plaintiff does not dispute SDS's assertion that the facts do not support general

10 jurisdiction over SDS. Thus, the Court turns to whether specific jurisdiction over SDS can be

11 established.

12          *2. Specific Jurisdiction*

13     Plaintiff argues that SDS directs its business toward the United States market, including

14 Washington State. He further argues that E-Software SAS's website is directed toward all

15 customers within the United States, including those in Washington State. Therefore, plaintiff argues

16 that the Court should exercise personal jurisdiction over SDS. SDS responds that it has not directed

17 its activities into the United States, let alone Washington State, that SDS has no agents within either

18 jurisdiction, and that SDS's parent relationship to E-Software SAS does not make E-Software's

19 website material to this Court's evaluation of personal jurisdiction.

20     The Ninth Circuit applies a three-prong test to determine if specific jurisdiction exists:     (1)

21 the non-resident defendant must purposefully direct his activities or consummate some transaction

22 with the forum or resident thereof, or perform some act by which he purposefully avails himself of

23 the privilege of conducting activities in the forum, thereby invoking the benefits and protections of

24 its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related

25 activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e.

26

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
PAGE - 5

1    it must be reasonable. *Schwarzenegger*, 374 F.3d at 802 (citing *Calder v. Jones*, 465 U.S. 783

2    (1984)); *Pebble Beach Co. v. Caddy*, 433 F.3d 1151, 1155 (9th Cir. 2006).

3           The burden is on the plaintiff to satisfy the first two prongs. *Schwarzenegger* 374 F.3d at

4    802.  If the plaintiff meets this burden, then the burden shifts to the defendant to "present a

5    compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

6           Here, plaintiff cannot satisfy the first prong of the test.  SDS is a French corporation with its

7    principle place of business in Paris.  SDS is not licenced to do business within the State of

8    Washington, nor has plaintiff provided evidence that SDS is licenced to do business anywhere within

9    the United States.  Plaintiff has not shown that SDS owns property, bank accounts or any other

10   assets within Washington or the United States.  Moreover, plaintiff has provided no evidence to

11   establish that SDS has a registered agent or a mailing address anywhere within the United States.

12          Plaintiff asserts three bases to justify the exercise of personal jurisdiction over SDS.  First,

13   plaintiff claims that Mr. Moussier is an employee or agent of SDS, a claim which SDS denies.

14   Plaintiff argues that Mr. Moussier's interactions with plaintiff throughout 2004-2005 establish the

15   requisite minimum contacts to establish personal jurisdiction over SDS.  However, plaintiff does not

16   provide the Court with any evidence to support this assertion.  It is plaintiff's burden to provide

17   evidence to establish his claim and he cannot simply proffer a bare assertion that Mr. Moussier is

18   SDS's agent.  Without more, the Court cannot accept plaintiff's unsupported allegation as evidence

19   of SDS's minimum contacts.

20          Second, plaintiff notes that E-Software SAS and SMI have ties to Washington State by

21   virtue of their operating in the state.  SMI operates its business from Tacoma, Washington and E-

22   Software uses SMI as its registered agent in the United States.  Plaintiff argues that because SDS has

23   some interaction with its subsidiaries by owning the trademark name Xelios, this must mean that

24   SDS exercises enough control over these subsidiaries so that they can all be considered a single

25   entity.  That presumption cannot be substantiated.

26   ORDER GRANTING IN PART
     DEFENDANTS' MOTION TO DISMISS
     PAGE - 6

1    If plaintiff presented facts showing that SMI or E-Software SAS could be considered alter

2    egos of SDS, or showing an agency relationship between SDS and its subsidiaries, plaintiff's reliance

3    on the parent-subsidiary relationship might be proper. *Doe v. Unocal Corp.*, 248 F.3d 915, 925-26

4    (9th Cir. 2001). However, plaintiff has not provided such evidence. Therefore, plaintiff cannot

5    simply rely upon the parent-subsidiary relationship to establish the requisite minimum contacts for

6    personal jurisdiction. *Rush v. Savchuck*, 444 US 320, 331-32 (1980); *Unocal*, 248 F.3d at 925;

7    *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996).

8    Finally, plaintiff relies upon the fact that E-Software SAS has a website, written in English,

9    that provides information about its various products and has employment recruiting announcements.

10   Plaintiff argues that this website, in and of itself, is one that is directed at Washington consumers and

11   the United States software market and therefore personal jurisdiction is proper. That argument is

12   misguided.

13   Here, plaintiff focuses on the fact that the website operated by E-Software SAS is

14   "interactive." However, plaintiff does not explain how this website has any connection to SDS.

15   Instead, plaintiff attempts to rely on the actions of E-Software SAS as if those actions were SDS's

16   own. While plaintiff would like to link the parent and the subsidiary together for purposes of

17   establishing minimum contacts, this is not permitted. *Unocal*, 248 F.3d at 925.

18   Because plaintiff has failed to fulfill his burden of producing evidence to establish that SDS

19   either purposefully availed itself or directed activities toward Washington State or the United States

20   in general, the Court cannot exercise specific jurisdiction over SDS without violating due process.

21   Therefore, SDS's motion to dismiss for lack of personal jurisdiction will be granted.

22                              *3. Jurisdictional Discovery*

23   Plaintiff argues that if the Court finds that the evidence presented does not support exercising

24   personal jurisdiction over SDS, plaintiff should be allowed an opportunity to conduct discovery to

25   gain more supporting evidence.

26   ORDER GRANTING IN PART
     DEFENDANTS' MOTION TO DISMISS
     PAGE - 7

1      A district court is vested with broad discretion to permit or deny discovery, and a decision

2   "to deny discovery will not be disturbed except upon the clearest showing that the denial of

3   discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*,

4   287 F.3d 1193, 1212 (9th Cir. 2002).  Prejudice is established if there is a reasonable probability that

5   the outcome would have been different had discovery been allowed.  *Martel v. County of Los*

6   *Angeles*, 56 F.3d 993, 995 (9th Cir. 1995)(en banc).  "[D]iscovery should ordinarily be granted

7   where pertinent facts bearing on the question of jurisdiction are controverted or where a more

8   satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*,

9   788 F.2d 535, 540 (9th Cir. 1986)(citation omitted).  However, the Ninth Circuit has stated that

10  additional discovery is not appropriate when the only evidence presented by a plaintiff is bare

11  assertions. *Pebble Beach*, 453 F.3d at 1160. ("Where a plaintiff's claim of personal jurisdiction

12  appears to be both attenuated and based on bare allegations in the face of specific denials made by

13  the defendants, the Court need not permit even limited discovery.")(quoting *Terracom v. Valley Nat.*

14  *Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

15      Here, the discovery deadline of October 17, 2006 has passed.  (Dkt. #22).  After six months

16  of searching, plaintiff has found no evidence to link SDS to either the United States in general or

17  Washington State specifically, besides the parent-subsidiary relationship.  The lack of convincing

18  evidence presented, after what appears to be ample time for discovery, makes clear that it is not

19  reasonably probable that granting plaintiff's request for jurisdictional discovery will lead to any

20  additional facts supporting the exercise of personal jurisdiction over SDS.

21       While plaintiff argues that his failure to conduct jurisdictional discovery was due to the fact

22  that SDS had not contested jurisdiction before now, the Court is not persuaded.  Plaintiff was

23  granted leave to add SDS as a defendant on April 24, 2006.  The burden to present facts supporting

24  personal jurisdiction has always rested upon plaintiff.  When plaintiff named a foreign corporation as

25  a defendant, he should have expected that personal jurisdictional issues could arise in the course of

26
ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
PAGE - 8

litigation.  In six months, plaintiff has only produced attenuated facts and bare allegations to shoulder his burden.  Under these circumstances, it is appropriate for the Court to deny plaintiff's request for further discovery.     Because it is not reasonably probable that additional discovery will lead plaintiff to new supporting evidence, plaintiff's request for jurisdictional discovery is denied.

### D. Subject Matter Jurisdiction

Defendants also move to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P 12(b)(1), asserting that the Court lacks jurisdiction to hear plaintiff's Lanham Act, 15 U.S.C. §1114, 1125(a), claims.  Defendants argue that because the alleged violations took place in France, by a French company, and not within United States commerce as required under the Lanham Act, this Court cannot entertain plaintiff's claims.

Plaintiff argues that his claims focus solely upon the effect that the alleged infringement had on United States commerce.  Plaintiff also argues that because SMI, SDS and E-Software SAS all conduct their business in the world market by selling their products via the internet and that these products have entered, can enter or will enter United States commerce, the exercise of subject matter jurisdiction is proper.  Plaintiff explains that he is not asking the Court to apply the Lanham Act in an extraterritorial manner, as defendants suggest, but in its normal application to United States commerce.  Because all federal courts have jurisdiction to hear claims arising under the Lanham Act in United States commerce, plaintiff argues that this Court has subject matter jurisdiction over his claims.

Plaintiff is correct that this Court has original jurisdiction over any action arising under the Lanham Act.[2]  Plaintiff insists that his claims are solely focused upon the alleged infringement in the United States and the effect the infringement has had on United States commerce.  Plaintiff argues

---

[2] 15 U.S.C. §1121(a) states:  "The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States (other than the United States Court of Appeals for the Federal Circuit) shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
PAGE - 9

1   that he has presented facts to support his claims of domestic application of the Lanham Act as well.

2   In fact, nowhere in plaintiff's Amended Complaint, or any other of his pleadings, is there mention of

3   facts alluding to an extraterritorial application of the Lanham Act.  Thus, the Court accepts plaintiff's

4   characterization of his claims.

5        Plaintiff is the master of his own Complaint and defendants cannot characterize his action in a

6   manner he categorically rejects.  *Wells v. City of Alexandria*, 178 F.App'x. 430, 433 (5th Cir.

7   2006)("[T]he plaintiff is master of his complaint, and the defendant cannot ... consistently [recast]

8   the claims against the plaintiff's constant opposition.").  Accepting plaintiff's characterization of his

9   claims, this Court has subject matter jurisdiction over trademark infringement claims occurring

10  within United States commerce.  15 U.S.C. §1121(a); 15 U.S.C. §1127; *Chance v. Pac-Tel Teletrac*

11  *Inc.*, 242 F.3d 1151, 1156 (9th Cir. 2001).  However, because personal jurisdiction cannot be

12  exercised over SDS, as discussed above, plaintiff's Lanham Act claims may only proceed against

13  SMI.

14       **E. *Forum Non Conveniens***

15       Defendant SDS has also moved to dismiss on *forum non conveniens* grounds.  However,

16  because the Court will grant SDS's motion to dismiss for lack of personal jurisdiction, its *forum non*

17  *conveniens* concerns are moot.  With respect to SMI, the Court finds no basis to dismiss for this

18  purpose in light of the fact that it admitted in its Answer that it operates in Washington State, has a

19  registered agent in Washington State and has its principle place of business in Washington State.

20  (Dkt. #19 at 1).  Any claim that it would be inconvenient for SMI to adjudicate in this Court is

21  without merit.  Therefore, to the extent that SMI moves to dismiss on *forum non conveniens*

22  grounds, that motion will be denied.

23       **III. CONCLUSION**

24       For the reasons set forth above, the Court hereby ORDERS:

25       (1) Defendant's Motion to Dismiss (Dkt. #24) is GRANTED IN PART and DENIED IN

26

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
PAGE - 10

1    PART as follows:

2         a.  Defendant SDS's motion to dismiss for lack of personal jurisdiction is GRANTED and

3    SDS is DISMISSED as a defendant to this action.

4         b.  Defendant SMI's motion to dismiss for lack of subject matter jurisdiction is DENIED and

5    plaintiff's claims will proceed against that defendant.

6         (2) The Clerk shall forward a copy of this Order to all counsel of record.

7         DATED this 6th day of December, 2006.

8

9                                                    RICARDO S. MARTINEZ
                                                     UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
     ORDER GRANTING IN PART
     DEFENDANTS' MOTION TO DISMISS
     PAGE - 11